[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Plaintiffs, Robert and Laurie Hoyt, through counsel, requested CT Page 10807 re-argument of Motion #103, Request to Revise, and Motion #110 Objection to Request to Revise. The motions were originally decided by this court on April 3, 2001 on the basis of "lack of compliance with P.B. § 10-37
(a)." Notification of the decision was sent from the Court on April 10, 2001.
Plaintiffs based their request to reargue on a claim that:
 1. Practice Book § 10-37(a) allows thirty days to object to a request to revise;
 2. An assertion that custom and practice in Connecticut allows a Request for Extension of Time in which to object to a request to revise, if the Request for Extension of Time is filed within the thirty day limit;
 3. On January 20, 2001, defendant filed a Request to Revise with the Court;
 4. Plaintiffs filed a Request for Extension of Time in which to object to the Request to Revise, motion #105, file stamped by the Clerk of Court on February 28, 2001. [Copy annexed hereto as Exhibit "A"];
 5. The Request for Extension of Time in which to plead was erroneously entered on the Court Docket as a "discovery" request. [Print out of Court computerized docket page annexed hereto as Exhibit "B", noting Motion #105 as "Request to Extend Discovery Time."];
 6. Plaintiffs then submitted an Objection to the Request to Revise on March 21, 2001 (Docket #110);
 7. The Court's decision was based on the erroneous marking by the Clerk. It would be unfair and prejudicial to the plaintiffs in this case to change the custom and practice of allowing additional time for pleading when timely. requested.
 Discussion
The instant matter spotlights a need for reexamination of the language CT Page 10808 of Practice Book 10-37, which provides no mechanism for a party to seek an extension of time within which to revise, request or object to any request to revise.
Generally, it should not be a function of a trial court to ignore, over-read, amend or otherwise tamper with the rules of practice. It is for the Judges of the Superior Court, in the exercise of their collective rule making authority, to create the rules of practice.
It is a worthy rule that when construing a rule a court may look to other related rules since the rule making authority is presumed to have created a consistent body of law. Cagiva North America v. Schenb,239 Conn. 1, 12 (1996). In this instance, it would appear that the Practice Book provides for an extension of time mechanism when the rule makers thought it appropriate. See e.g. Practice Book Section 13.7 and 13.10.
The existence of these provisions would normally require the trial court to refuse to entertain an extension not provided for within the applicable practice book section.
However, it seems to be an unreasonable assault on counsel's use of a generally accepted custom and practice in this judicial district to ignore custom and practice. (This issue would have been addressed in a timely fashion absent the clerical errors (errors unrevealed and unknowable to the judge at the time of consideration.)
The court notes that it is stretching its authority to read a "custom and practice" into an otherwise very clear exclusion of any time extension authority. The court does this only as a warning mechanism.
Until such time as the legislative and/or rule making authorities indicate otherwise, this court and every other court should (having given fair warning) refuse to entertain any motion for extension of time to respond and/or object
DANIEL E. BRENNAN, JR, J.
 EXHIBIT A
D.N.: CV00 0378913 S : SUPERIOR COURT :
ROBERT HOYT and LAURIE HOYT : J.D. OF FAIRFIELD :
V. : AT BRIDGEPORT :
CT Page 10809 KENNETH L. SACKS, M.D., ET AL. : FEBRUARY 26, 2001
 PLAINTIFFS' REQUEST FOR EXTENSION OF TIME
The plaintiffs in the above entitled matter, through counsel, hereby request an Extension of Time of thirty (30) days until March 30, 2001 in which to object to defendants Kenneth Sacks, M.D., Seyed H. Aleali, M.D., Robert M. Burd, M.D., and Medical Specialists of Fairfield, LLC'S Request to Revise dated January 29, 2001. Plaintiffs certify that this case has not been assigned for trial.
THE PLAINTIFFS,
 BY ____________________________ KATHLEEN L. BRANDT SILVER GOLUB TEITELL LLP 184 ATLANTIC STREET STAMFORD, CT 06904 203-325-4491 JURIS NO. 58005
NO ORAL ARGUMENT REQUESTEDNO TESTIMONY REQUIRED 
 EXHIBIT B
[EDITORS' NOTE: THE EXHIBIT IS ELECTRONICALLY NON-TRANSFERRABLE.]